DECISION
Defendant-appellant, Norma M. Monroe, appeals from a judgment of the Franklin County Court of Common Pleas finding defendant guilty of two counts of felonious assault in violation of R.C. 2903.11. Because the trial court's judgment is supported by sufficient evidence and is not against the manifest weight of the evidence, we affirm.
By a grand jury indictment filed on May 19, 2000, defendant was charged with two counts of felonious assault under R.C. 2903.11, which provides:
 (A) No person shall knowingly do either of the following:
(1) Cause serious physical harm to another * * *
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance.
* * *
 (D) Whoever violates this section is guilty of felonious assault, a felony of the second degree. * * *
Defendant entered a plea of not guilty to the charges, and a jury trial was conducted at which the state and defendant presented evidence.
According to the state's evidence, on May 11, 2000, defendant had an argument with Sheena Buchanan in front of the home of defendant's sister and brother-in-law, Joyce and Rodney Vinson. During the course of the argument, defendant called Lisa Shortridge to the porch where defendant was standing, accused Shortridge of lying to her, and pushed Shortridge. Shortridge then placed her hand on defendant's chest, pushed defendant, and told defendant she should calm down.
In the midst of the altercation, a knife was passed through an open window to defendant. John Shortridge came to the aid of his wife and was stabbed by defendant. Defendant then stabbed Lisa Shortridge, who attempted to defend herself by throwing a chair. During the course of events, Buchanan threw a pipe into the Vinson home as a means of self-defense. Defendant then fled the scene, was chased, and was later apprehended by police. In addition to testimony, photographs of the crime scene and of the wounds of Lisa and John Shortridge were admitted into the record.
By contrast, defense witnesses testified Lisa Shortridge was the antagonist who entered the Vinson home and choked defendant. Defendant's father unsuccessfully attempted to extricate defendant from Lisa Shortridge's grasp. Later John Shortridge entered the Vinson home with a pipe, attempted to hit defendant's father, and was disarmed by defendant's father. Defendant's father again disarmed John Shortridge when he later entered the Vinson home with a butcher knife. During the altercation, Lisa Shortridge threw a chair at defendant's mother. As part of her direct testimony, defendant admitted to stabbing Lisa Shortridge with a pocket knife in self-defense, but she denied stabbing John Shortridge. Defendant also stated she was legally blind, and both parties stipulated that defendant's eyesight is 20/400.
At the end of the trial, the jury rendered a verdict of guilty of two counts of felonious assault, and the trial court sentenced defendant accordingly. Defendant appeals, assigning the following errors:
 I. Norma Monroe's conviction was based upon insufficient evidence.
 II. Norma Monroe's conviction was against the manifest weight of the evidence.
To the extent defendant challenges her conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
Relying on conflicting witness testimony and the lack of physical evidence, defendant's assignments of error contend her conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. Because defendant's supporting arguments are essentially identical, we will address both assignments of error together.
In State v. Murphy (2001), 91 Ohio St.3d 516, 543, the Ohio Supreme Court noted that "* * * the mere existence of conflicting evidence cannot make the evidence insufficient as a matter of law." Defendant's argument that her conviction was based on insufficient evidence because of conflicting witness testimony thus is unpersuasive.
Defendant also contends the lack of physical evidence, including the absence of fingerprint evidence and the state's failure to produce a bloody knife or iron pipe, renders the evidence insufficient. "[O]n review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, `if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" (Emphasis sic.) Id., quoting Jenks, supra, paragraph two of the syllabus.
Here, the state presented testimony from different witnesses that defendant stabbed Lisa and John Shortridge. The state also presented photographic evidence of the crime scene and photographic evidence of injuries to Lisa and John Shortridge. Based on the witness testimony, coupled with the photographs of the injuries, the jury could conclude defendant used a knife to stab John and Lisa Shortridge, thereby causing serious physical harm to them. The state's failure to produce a bloody knife with defendant's fingerprints is not fatal. See State v. Thomas (1982), 70 Ohio St.2d 79-80 ("It is emphasized that an appellate court may not reverse the judgment of conviction unless reasonable minds could not fail to find reasonable doubt of the defendant's guilt. * * * [I]n reviewing the legal sufficiency of evidence to support a jury verdict, it is the minds of the jurors rather than a reviewing court which must be convinced").
Nor does the conflicting testimony render the verdict against the manifest weight of the evidence. Resolving the conflicting witness testimony was largely a credibility issue. On direct examination defendant's father, Walter Monroe, testified how he attempted to extricate his daughter from Lisa Shortridge's grasp and how on two occasions he disarmed John Shortridge. Yet, on cross-examination, Monroe admitted speaking to a police officer after the events at the Vinson home and stating that he had "no idea" what occurred because he was upset and mad after being arrested for an outstanding traffic warrant.
In addition, some of Joyce Vinson's statements on direct examination were later impeached on cross-examination by using her earlier statements to police. Similarly, some testimony by Lucky Monroe, defendant's brother, was impeached on cross- examination by his prior statements to police following the incident.
The discrepancies created by the impeachment testimony of those witnesses are factors the jury properly could consider in determining the credibility of the defense witnesses. Because the jury resolution of the credibility issues is reasonable under the facts presented, the record fails to demonstrate the jury lost its way and created a manifest miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. Defendant's argument that her conviction is against the manifest weight of the evidence is without merit.
Accordingly, defendant's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
BOWMAN and PETREE, JJ., concur.